

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Richard Mark St. Hill,

    Petitioner,

v.

United States of America,

    Respondent.

1:06CV00068

2:92CR228-4

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). (Docket no. 176.) He has also filed a "motion pursuant to Rule 15(c)(2), Fed. R. Civ. P." (Docket no. 177.) The court will first address the Rule 60(b) motion which requires a review of the history of petitioner's case. Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255 in 1997. (Docket no. 44.) In 1999, this court entered judgment denying this motion and granting the government's motion to dismiss because the motion was filed beyond the statute of limitation period. (Docket no. 72.) Petitioner then filed a Rule 60(b) motion. (Docket no. 73.) This court denied relief on that motion because, although the court found that petitioner's original motion had been timely filed due to a change in the law regarding the calculation of the one-year limitation period, petitioner had no meritorious claims for relief in his section 2255 motion. (Docket nos. 76, 80.) This court's judgment denying Rule 60(b) relief was entered on October 21, 2002. (Docket no. 80.) It is this judgment that petitioner is now attacking in this Rule 60(b) motion.

Petitioner's claim is that he was improperly sentenced due to the recent Supreme Court cases which culminated in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). Petitioner's contention is that this court denied a claim sufficiently similar to a Booker claim when it denied Rule 60(b) relief, and that now that Booker has

been decided that decision was in error. While the court does not find that petitioner raised a claim similar to a Booker claim previously, even if he had raised such an issue, his claim now based on Booker would be an attack on the resolution by this court of the merits of his claim that he was improperly sentenced. In other words, petitioner is attacking his conviction or sentence rather than seeking to remedy a defect in the collateral review process or other non-merit aspect of the ruling. The motion for reconsideration therefore must be construed as a motion to vacate sentence under 28 U.S.C. § 2255. See Gonzalez v. Crosby, __ U.S. __, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005) ("alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("new legal arguments . . . will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence."). As such, petitioner's pleading is defective because he has failed to file his claims on the proper Section 2255 forms. See Rules Governing Section 2255 Proceedings Rule 2(b).

There is no need to put petitioner through the extra work of submitting his claims on the proper forms, however, because court records reveal that petitioner has already challenged this conviction in a previous Section 2255 action. [No. 2:97CV495] Therefore, the present pleading should be dismissed for lack of jurisdiction because of petitioner's failure to obtain permission from the Fourth Circuit for a second or successive Section 2255 action, as is required by 28 U.S.C. § 2244 and 28 U.S.C. § 2255. See Winestock, 340 F.3d at 200.

Petitioner's other motion pursuant to Rule 15(c)(2) should also be denied. He requests that his original section 2255 motion be amended to include a Booker claim. (Docket no. 177.) This motion should be denied because it is futile. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Simply amending the original motion would do no good unless

-2-

Petitioner presents a proper basis for the original motion to be reconsidered, which he has not done. This motion should therefore be denied.[1]

**IT IS THEREFORE ORDERED** that the clerk send petitioner a copy of this recommendation, instruction forms for filing Section 2255 actions in this Court and Motions for Authorization in the court of appeals, and four copies of Section 2255 forms (more copies will be sent on request). Petitioner should keep the original and two copies of the completed Section 2255 forms which can be submitted in this court if petitioner obtains approval from the Fourth Circuit.

**IT IS THEREFORE RECOMMENDED** that petitioner's "Rule 60(b)" motion (docket no. 176) be construed as an attempt by petitioner to file a second or successive Section 2255 action.

**IT IS FURTHER RECOMMENDED** that this action be dismissed due to petitioner's failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d).

**IT IS FURTHER RECOMMENDED** that petitioner's Fed. R. Civ. P. 15(c)(2) motion (docket no. 177) be denied.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 24, 2006

---

[1] The court rejects petitioner's argument that this claim should not be considered a second motion pursuant to In re Cabey, 429 F.3d 93 (4th Cir. 2005), reh'g granted, (Jan. 10, 2006). In that case, the court held that a petitioner seeking to raise only issues related to his parole status that he could not have raised in his earlier habeas petition was not required to obtain pre-filing authorization. Petitioner in this case is not seeking to raise only issues related to such a discrete, separate proceeding as the granting or revocation of parole. He is raising issues related to his conviction and therefore still must obtain authorization.

-3-